SUTCLIFF BAXTER AND A. M. BROOKS, BY THE NAME OF S. BAXTER & CO. *vs.* JACOB SCOLAND AND T. A. JENSEN.

A claim was filed in a Justice Court, against S. Baxter & Co. Summons issued to Sutcliff Baxter and A. M. Brooks. Defendants appeared and pleaded. Held that the defect of parties appearing on the face of the claim was thereby waived.

Section 514, of the Practice Act, of 1877, should be construed along with sections 510 and 522, of the same Act. The expression, "a more favorable judgment," occurring in said Sec. 522, does not mean a judgment, a few dollars or cents larger or smaller than the judgment recovered in the Justice Court, but one substantially more favorable, which is to be determined by the Court, in view of the circumstances of each particular case.

Error to Third Judicial District holding terms at Seattle.

*C. H. Hanford* for plaintiff in error.

Facts giving the Justice of the Peace jurisdiction must appear on the record. *Jolly* v. *Faltz*, 34 California, 321; *Bridge* v. *Ford*, 4 Mass. 641.

Between a verified claim, filed against S. Baxter & Co., with a summons issued to Sutcliff Baxter and A. M. Brooks, there is a fatal variance. *Waterman & Katz* v. *Phinney*, 1 Washington Territory, 415.

Partners must sue, and be sued, by their individual, and not by their firm names. The partnership must be alleged and be proved. ' *Hudson* v. *Simond*, 6 Cal. 453; *Bently* v. *Smith*, 3 Caines, 170; *Smith* v. *Canfield*, 8 Michigan, 493.

The fact that plaintiff in error secured a smaller judgment against himself, than was rendered by the Justice of the Peace, entitles him to recover costs in this Court. Laws 1877, pp. 108, 110, Secs. 509–10, 522.

*Struve, Haines & Leary* for defendant in error.

By appearance and pleading, plaintiffs in error waived all questions as to jurisdiction of the person. Laws W. T., 1873, p. 368, Sec. 162; *Conwag* v. *Hitchins*, 9 Barbour, 378; *Clapp* v. *Graves*, 26 New York, 418; *Village of Coulterville* v. *Gillen*, 72 Illinois, 599.

As to the liberality that should be allowed in the construction of pleadings and proceedings before Justices of the Peace. *Pintard* v. *Tackington*, 10 Johnson, 104; *Burton* v. *Hill*, 4 Greene (Iowa), 379; *Stewart* v. *Landor*, 16 California, 373; *Kinyon* v. *Fowler*, 10 Michigan, 16; *Swineford* v. *Pomeroy*, 16 Wisconsin, 553; Laws W. T., 1873, p. 345, Sec. 58.

The entire record of the Justice must be construed together. 2 Iowa (Clark), 35; 18 Cal. 128; 4 Blackford, 174; id. 420; 2 Indiana, 551.

The objection, that the complaint was not verified, was waived by answering and trial. 74 New York, 307; 41 California, 298; and all objections made by demurrer, were waived by pleading over. 11 Barbour, 587; 1 Denio, 222; 29 Illinois, 392; 5 Howard (U. S.), 51; 15 Wallace, 145; 14 California, 28;

1 Oregon, 259; 14 Iowa, 404; 2 Michigan, 276; 10 Ohio, 405.

All defects in the complaint were cured by the verdict.    1 Sumner, 319; 36 Mo. 35; 38 Illinois, 242; 1 Johnson, 276; 13 Michigan, 207; 16 Pickering, 128; id. 541; 17 Mass. 229.

The judgment recovered in the District Court was not more favorable than that recovered in the Justice Court.    43 Barbour, 226.

*Opinion by Greene, Chief Justice.*

This is a case, brought in a Justice's court, by defendants in error, to recover for services rendered on tidewater, by a steamer of theirs, at request of plaintiffs in error.    The action was begun, conformably to one of three statutory methods, by the filing of a verified claim, and the issuance of a summons. The claim filed was against S. Baxter & Co., but the summons issued to Sutcliff Baxter and A. M. Brooks.

Wholly disregarding any technical objection, that possibly might have been made to the verified claim, for being against a partnership, without naming the partners, defendants appeared, on the return day of the summons, and, to an oral complaint, then interposed, demurred on the ground that the facts stated were insufficient to constitute a cause of action, and that the complaint showed the cause of action to be a maritime contract.    The court overruled the demurrer; defendants answered; issue was joined; trial was had; and judgment against defendants for $60.00 and costs, was rendered.

Jury trial afterwards, in the District Court, on appeal, resulted in a verdict against defendants for $55.    The verdict being in, and judgment not yet entered, defendants moved to dismiss the action, for want of jurisdiction over the subject matter of the action, and because the complaint failed to state facts enough to constitute a cause of action.    Such lack of jurisdiction or insufficiency of the complaint, however, was not clear to the district judge, and he, therefore, denied the motion. Exception was taken to this ruling.    Then a motion was made, by defendants, for judgment in their favor for the costs made on the appeal.    This motion was denied, an exception taken,

and judgment entered for the amount of the verdict and all costs made in the District and Justice's Courts.

There are three errors assigned, namely:—

1. The Court erred in denying the motion to dismiss the action.

2. The Court erred in denying the motion for a judgment for costs of the appeal; and

3. The Court erred in giving a judgment in favor of defendants in error.

On the argument, two principal questions are presented, one of jurisdiction, and one of costs. It is said, that there was no jurisdiction in the Court below; first, because the verified claim, naming the firm, only, and not the individual partners, is not a good foundation of jurisdiction, under our statute; and, second, because the oral complaint, certified from the Justice's docket, shows a contract to do an entire round of service, without showing, in addition, an entire performance, an offer of performance or a waiver of performance. But it seems to us, that all defect of parties defendant, existing on the face of the verified claim, was cured by the appearance of defendants, in answer to summons, and by their proceeding to plead, without specifically objecting to the supposed defect. And we do not deem, that the complaint sets up a contract that might not be satisfied by the limited amount of service that the plaintiff pleads.

On the other main question—that of costs—we have more difficulty. It brings to us, and compels us to construe, Section 522, of the Civil Practice Act, a section which was manifestly designed, in the wisdom of the legislature, to discourage unreasonable and vexatious appeals; but which is so inartificially worded as not plainly to expose the exact outline of the design. This 522d Section is of kindred matter with Sections 510 and 514, as will be seen by placing the three together, as follows:—

"SECTION 510. Costs shall be allowed the party, in whose favor the judgment is rendered, except as is otherwise provided by law."

"SECTION 514. In all cases where costs and disbursements

are not allowed to the plaintiff, the defendant shall be entitled to have judgment in his favor for the same."

" SECTION 522.    In all civil actions tried before a Justice of the Peace, in which an appeal shall be taken to the District Court, and the party appellant shall not recover a more favorable judgment in the District Court, than before the Justice of the Peace, such appellant shall pay all costs accruing after the appeal."

Now, if we suppose that the words "more favorable" are used in the 522d section, to express a change, however small in amount, in favor of the party appealing, then a moment's scrutiny of the accompanying language discovers two possible constructions, one of which was adopted by the District Court, and the other of which is contended for here, by plaintiffs in error.    Plaintiffs in error are arguing, that the section was intended to provide for every case, in which a party appellant fails to get the judgment enhanced, or reduced in his favor, while the Judge of the District Court concluded, that the section was only meant to cover the case of a party who had obtained a judgment, in his favor, before a Justice and who, not content with the amount of it, seeks, by appeal, a larger award.    Either of these constructions, if put in practice, would, it seems to us, often work unnecessary hardship.    In every case, where an appeal effected no substantial change in the judgment appealed from, the appellee would be unjustly a sufferer, in having been compelled to resist it, and await its termination; a still greater sufferer, if compelled to pay the costs of it, and the victim of yet more aggravated wrong, if he were the one whom the successive judgments showed to have been from the first in the right of the litigation.

After very careful consideration, we are persuaded that, neither the construction of the plaintiffs in error, nor that of the Judge of the District Court, is the true one.    Both these constructions are strict, and contrary to that liberal rendering, which is prescribed by § 763, of the Practice Act.    Each of them is in conflict with the spirit and tends to defeat the aim of § 522.    When the Legislature makes mention of a "more

favorable judgment," they do not mean one larger or less, by a dollar, or a mill, but one that shows the judgment below to have been substantially wrong. Properly construed, their words forbid the District Court to render any judgment, in favor of an appellant, for costs of his appeal, unless he shall have recovered, in that Court, a judgment, substantially more favorable to him than the judgment was, which the Justice gave. Whether, or not, in any particular case, the amount of enhancement or reduction is sufficient to make the judgment substantially more favorable must, of necessity, depend upon the peculiar circumstances of that case, and be left to the sound discretion of the District Judge, for his decision. As a rule, a few cents, or a few dollars, more or less, added to a judgment, or subtracted from it, would not suffice to make it "more favorable" within the meaning of the statute.

Upon the whole, therefore, our opinion is that the judgment of the District Court must be *affirmed*.